## SMITH et v HOFMANN

Ohio Appeals, 1st Dist, Butler Co

No 475. Decided May 8, 1933

Shotts & Millikin, Hamilton, for plaintiffs.

P. B. Holly, Hamilton, and P. P. Boli, Hamilton, for defendant.

## OPINION

By HAMILTON, PJ.

The defense claims that the division was on the basis of 77 acres in one tract with the main buildings and 128 acres, more or less, on the other side. That to run a line from the center of the lane would be to give more than 77 acres to the plaintiffs' tract, which was not the agreement. The fact is the additional amount to the 77 acres based on the center line of the lane is in the neighborhood of ⅛ of an acre.

In passing it may be stated that plaintiffs claim an additional cash sum was paid by the plaintiffs or their representative for the ⅛ of an acre. This was denied by the defendant.

Defendant contends that the deeds are absolute and can only be reformed or corrected under clear and convincing evidence of a mutual mistake. That there is no evidence showing any mistake as far as the defendant is concerned. That the deeds represent the true agreement.

Counsel for defendant overlooks the fact that the parties may have thought, at the time the deeds were executed, that the deeds represented the true agreement as to the dividing line. The defendant reaping the benefit of this mistake, if such there was, would naturally contend against a mistake, notwithstanding the description may not correctly carry out the agreement as made.

The court has read all the evidence adduced by the parties, but will not comment on the same in detail. It appears from the evidence that the surveyor employed to divide the tract was an elderly gentleman, 76 years of age. He started at the center of the lane, with its intersection at Winton Road, as his starting point. He followed the center of the lane so long as it ran straight, deviating therefrom when the lane curved. The plat which he submitted in the case indicates the line ran with the lane and the parties could well believe that the description followed the center line of the lane.

We believe the only reasonable deduction to be made from the evidence is that when the agreement for division was made one party was to take all the land north of the lane and the other to have that to the south of the lane. The lane was the only outlet for either tract. This lane had been made to serve the property for more than forty years. If the deeds were not reformed plaintiffs would still be entitled to relief from the fact that this lane was created by a common ancestor to serve the whole tract of land, and neither party would have the right to interfere in the use of the lane as a means of ingress and egress for the accommodation of the two tracts. Frate et v Rimenik et, 115 Oh St 11.

However, when we read from the evidence what was said and done prior to and at the time of the meeting to arrange a division of the land, we are convinced that the agreement between the parties was that the lane should be the dividing line. It is in the evidence that in discussing the division of the land by Martha Smith and the defendant, that they referred to the "upper farm" and the "lower farm." The selection was so made. The evidence discloses, that from the description of the deed the line would run through the plaintiffs' front yard. This is another indication that the agreement was as plaintiffs claim.

James A. Smith, father of plaintiff Martha Smith, testified he was present when the agreement for the division was made between his daughter and the defendant. He states that before the meeting for the division his daughter did not know which side the Hofmanns were going to take. He testified that Mr. Hofmann, at the meeting

told Martha it would not make any difference they would just as leave have the one side as the other. Hofmann said:

"I see you want the upper side, you take the upper side of the place."

The evidence is convincing that the basis for the division of the land was the "upper farm" which was above the lane and the "lower farm" which was below the lane. That error was committed by the surveyor is apparent since his description by courses and distances does not coincide with his plat submitted to the parties.

Our conclusion is that the plaintiffs are entitled to the relief prayed for and a like decree to that entered below may be entered here.

ROSS and CUSHING, JJ, concur.